UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
----------------------------------------------------------------X
EDWIN CULBERT

                    Petitioner,

           -against-                                **ORDER**
                                                        17-CV-3135 (JMA)

THOMAS J. SPOTA, III,

                    Respondent.
----------------------------------------------------------------X
**AZRACK, United States District Judge:**

      Petitioner Edwin Culbert ("Culbert"), proceeding pro se, moves to dismiss his petition for a writ of habeas corpus without prejudice, in order to allow him the opportunity to exhaust his claims in state court before seeking federal habeas review. Culbert concedes that at the time he filed his habeas corpus petition he had not taken any action in state court to challenge his conviction and sentence. Respondent argues that the petition should be dismissed with prejudice, as the petition is untimely and Culbert is time-barred from seeking relief in state court.

**DISCUSSION**

      On May 8, 2017, Culbert filed a petition seeking habeas corpus relief pursuant to § 2254, claiming that (1) he was blocked from proceeding to trial by the Government and his attorney; (2) he was forced to enter a guilty plea; (3) he was denied a right to appear before the Grand Jury; (4) the Suffolk County Police Department engaged in misconduct during the investigation of his case; and (5) he was denied effective assistance of counsel. (See Pet. at 3-5, ECF No. 1.)[1] Simultaneously, Culbert filed a motion for an extension of time to file the petition for habeas relief, acknowledging that his petition was filed beyond the expiration of the statute of limitations. (See Pet.'s Mot. for Extension of Time, ECF No. 3.) Subsequently, on June 30,

---

[1] The Court uses the pagination assigned by the electronic case filing system for ECF No. 1.

2017, Culbert filed a motion to dismiss his habeas petition, asking this Court to dismiss his petition without prejudice, in order to allow him to present his claims in state court.  (See Pet.'s Mot. to Dism., ECF No. 8.)  On July 10, 2017, Respondent opposed Culbert's motion, contending that the habeas petition should be dismissed with prejudice.  Respondent asserts that Culbert has not exhausted any claims in state court and there is no evidence of a direct appeal or post-conviction motion filed by Culbert.  (See Resp.'s Reply, at 2, ECF No. 9.)  Further, Respondent argues that Culbert is time-barred from seeking relief in state court and his habeas petition is untimely.  (Id.)

It is well established that a prerequisite to seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is the exhaustion of state court remedies.  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is designed to first allow state courts the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  Accordingly, a petitioner must show that he fairly presented his federal claim to the highest state court from which a decision can be rendered.  Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc).

In the instant case, based on the information available to the Court, Culbert has sought no state court remedies for any of the grounds raised in the habeas petition, whether through a direct appeal or other form of post-conviction relief.

Further, the Court is concerned with the timeliness of Culbert's petition.  The Antiterrorism and Effective Death Penalty ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which governs the filing of habeas corpus petitions, imposes a one-year statute of limitations.  This limitations period may be tolled during the pendency of "properly filed

application[s] or other collateral review[s] with respect to the pertinent judgment or claim." See 28 U.S.C. § 2244(d)(2).  Moreover, the statute of limitations may equitably toll in "rare and exceptional circumstance[s]."  <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citations omitted).

Although Culbert alleges that his deadline to file the habeas petition was May 1, 2017, he provides no explanation for this limitations period.  (<u>See</u> Pet.'s Aff. in Supp. Of Mot. for Extension of Time, ECF No. 4.)  Rather, Respondent argues that, because Culbert never sought any state court relief, his conviction became final in 2011.  (<u>See</u> Resp.'s Reply at 2-3.) Accordingly, the limitations period for Culbert to file a petition for habeas corpus relief would have expired one year from when the conviction became final, which would be in 2011, unless Culbert can establish that he is entitled to tolling of the statute of limitations.  <u>See</u> 28 U.S.C. § 2244(d)(1)(A); <u>Bethea v. Girdich</u>, 293 F.3d 577, 578 (2d Cir. 2002).

At this time, the Court grants Culbert's motion to dismiss without prejudice, allowing Culbert the opportunity to return to state court to attempt to adequately exhaust his claims for habeas relief.  However, the Court emphasizes that should Culbert return to this Court seeking federal habeas corpus relief, his petition must be timely.  Thus, Culbert will have to articulate whether there is any basis to toll the applicable statute of limitations.

## III. CONCLUSION

Culbert's petition for habeas corpus relief is DISMISSED WITHOUT PREJUDICE; Culbert's motion for an extension of time to file the petition for habeas corpus relief is DENIED AS MOOT.[2] The Clerk of Court is respectfully directed to close this case and to mail a copy of this order to petitioner.

**SO ORDERED.**

Dated: March 31, 2018
Central Islip, New York

                                           /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE

---

[2] As Culbert is requesting a dismissal of his petition for habeas relief, his request to file this petition late is moot. The Court will address issues of timeliness if Culbert returns and pursues federal habeas review.